UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD GRANILLO,<br><br>          Plaintiff,<br><br>     v.<br><br>WEATHERFORD U.S., L.P., *et al*.<br><br>          Defendants. | Case No. 1:20-cv-01614-CDB<br><br>ORDER GRANTING MOTION FOR APPROVAL OF PAGA SETTLEMENT AND ENTRY OF JUDGMENT<br><br>(Docs. 23, 36)<br><br><u>Clerk of Court to Close Case</u> |

On June 7, 2022, Plaintiff Edward Granillo ("Plaintiff") filed a motion for approval of settlement pursuant to the California Labor Code Private Attorney General Act of 2004 ("PAGA"). (Doc. 23).[1] The motion is unopposed. (Doc. 25). On September 14, 2023, the Court issued an order regarding the motion for approval of PAGA settlement. (Doc. 35).

The Court held the proposed settlement met the statutory requirements of Cal. Lab. Code § 2699(i) and was fundamentally fair, reasonable, and adequate in view of PAGA's public policy goals. *Id*. at 7-10. The Court also found Plaintiff's request for litigation and settlement administration costs were reasonable. *Id*. at 17-18. However, the Court found it was "unable to determine whether Plaintiff's request for attorney's fees and enhancement award were reasonable." *Id*. The Court held "in the event Plaintiff declines to timely file supplemental

---

[1] On May 30, 2023, the parties consented to the jurisdiction of a United States Magistrate Judge and the action was reassigned to Magistrate Judge Christopher D. Baker for all purposes pursuant to 28 U.S.C. § 636(c)(1). (Doc. 31).

briefing, the Court intends to approve an award of attorney's fees in the amount of 25% and an enhancement award in the amount of $5,000." *Id*.

On September 28, 2023, Plaintiff filed a response to the Court's order regarding the motion for approval of PAGA settlement. (Doc. 36). Plaintiff accepted a reduction in attorneys' fees to 25% of the gross settlement amount (the Ninth Circuit benchmark) and a reduction in the enhancement award to $5,000. *Id*.

Accordingly, in light of Plaintiff's motion, declarations, and response, the Court GRANTS approval of the PAGA Settlement Agreement and HEREBY ORDERS and makes the following determinations:

1.  Except as otherwise defined in this order and judgment, all terms used herein shall have the same meaning as defined in the Settlement Agreement.

2.  Pursuant to PAGA and Cal. Lab. Code § 2699(1)(2) in particular, the Court approves the Settlement Agreement and Gross Settlement Amount of $325,000.00 and finds that it is fair and reasonable and furthers PAGA's objectives. The Court finds that the PAGA settlement has been reached as a result of informed and non-collusive arm's length negotiations. The Court further finds that the Parties have conducted extensive investigation and research, and their attorneys were able to reasonably evaluate their respective positions. The Court confirms approval of the Settlement Agreement as to the Aggrieved Employees and the State of California.

3.  The Court further finds that notice of the Settlement Amount has been provided to the California Labor Workforce and Development Agency ("LWDA") as required by PAGA and Labor Code section 2699(1)(2), in particular. Plaintiff and Defendant are directed to perform in accordance with the terms set forth in the Settlement, and specifically Defendant shall make the payments to the third-party administrator listed below (ILYM Group, Inc.) to be distributed to the LWDA, the Aggrieved Employees, Plaintiff, and PAGA counsel as provided for and in the respective amounts set forth in the Settlement and below.

4.  The Court approves payment of 25% of the Gross Settlement Amount ($81,250.00) to be allocated to attorneys' fees and $11,090.04 in actual litigation costs to Melmed Law Group P.C. to be paid from the Gross Settlement Amount, both of which the Court finds to be fair and

reasonable. The Court authorizes the Settlement Administrator to make these payments, in accordance with the terms of the Settlement Agreement.

5. The Court approves payment of a $5,000.00 representative enhancement award to be made to Plaintiff Edward Granillo, subject to the terms and conditions set forth in the Settlement.

6. The Court approves the appointment of ILYM Group, Inc. as Settlement Administrator in this matter and approves settlement administration costs of approximately $3,000.00, as well as the disbursement procedures and those for uncashed and undeliverable checks as laid out in the Settlement Agreement.

7. The court finds that the LWDA payment of $168,494.97 as its share of the settlement of civil penalties is fair and reasonable. The Court authorizes the Settlement Administrator to pay the LWDA payment, in accordance with the terms of the Settlement Agreement.

8. The Court finds that the Aggrieved Employees' collective share of the settlement of civil penalties in the amount of $56,164.99 is fair and reasonable. The Court authorizes the Settlement Administrator to pay the individual Aggrieved Employees' share of the Net Settlement Amount in accordance with the terms of the Settlement Agreement.

9. The Court approves the proposed notice to Aggrieved Employees of the settlement, attached to the Settlement Agreement as Exhibit B, to be sent along with the payments from the Settlement Administrator.

10. Upon entry of judgment, Plaintiff, the State of California on whose behalf Plaintiff has brought the litigation, and all the Aggrieved Employees, will be forever barred from pursuing against Defendant and Defendant Releasees any and all claims for civil penalties under PAGA arising during the applicable Covered Period that were alleged in the Litigation or any associated LWDA submissions by Plaintiff, or that could have been alleged based on the facts alleged in Plaintiff's complaint or any associated LWDA submission by Plaintiff. The claims released by the Settlement Agreement therefore include all claims for civil penalties and associated fees or costs related to claims for unpaid regular or premium wages (as defined by the Labor Code), meal/rest period violations and/or premium payments for meal and/or rest period violations, wage statement violations, wage payment timing violations, record-keeping violations, and to the extent not

covered above, any and all claims pled in the Litigation or the associated notices to the LWDA, including without limitation all associated claims for civil penalties and associated fees or costs related to alleged or actual violations of Labor Code sections 201, 202, 203, 204, 210, 226, 226.3, 226.7, 510, 512, 558, 1174, 1185, 1194, 1194.2, 1197, 1197.1, 1198, 1199, 2802, 2804, and 2699. The Aggrieved Employees, other than the Plaintiff by executing the Individual Settlement Agreement, will not be deemed to have released any individual, non-PAGA wage and hour claims by sole virtue of the execution of this PAGA Settlement and the associated entry of Judgment. The Aggrieved Employees, other than the Plaintiff by executing the Individual Settlement Agreements, will not be deemed to have released any individual, non-PAGA wage and hour claims by sole virtue of the execution of the Settlement Agreement and the associated entry of judgment.

11. Without affecting the finality of the judgment, the Court shall retain exclusive and continuing jurisdiction over the above-captioned action and the Parties for purposes of enforcing the terms of the judgment and the Settlement Agreement.

12. Neither this judgment, the Settlement Agreement, any document referred to herein, any exhibit to any document referred to herein, any action taken to carry out the Settlement Agreement, nor any negotiations or proceedings related to the Settlement Agreement, are to be construed as, or deemed to be evidence of, or an admission or concession with regard to, the denials or defenses of Defendant (or any settling party), and shall not be offered in evidence in any proceedings against the Parties hereto in any court, administrative agency, or other tribunal for any purposes whatsoever other than to enforce the provisions of this judgement.

13. Neither this judgment, Settlement Agreement, any document referred to herein, any exhibit to any documents referred to herein, any action taken to carry out the Settlement Agreement, nor any negotiations or proceedings related to the Settlement shall have any collateral estoppel or other preclusive effect on Defendant, provided, however, the Defendant Releasees can use this judgement to enforce the release and extinguishment of the Covered Claims as set forth above and in the Settlement Agreement.

14. This document shall constitute a judgment under Federal Rule of Civil Procedure 58.

15. On or before 150 days after issuance of the settlement checks (which is 30 days after they are no longer valid if not cashed), Plaintiff shall submit a declaration from the Settlement Administrator, confirming the amounts paid to Aggrieved Employees, the payment of Plaintiff's Enhancement and General Release Payments, the other amounts distributed under the Settlement Agreement (including to the LWDA and Representative Counsel), and the amounts tendered to the Unclaimed Property Division.

16. The Court enters final judgment in accordance with the terms of the Settlement Agreement and this Order.

The Clerk of Court is DIRECTED to close this case.

IT IS SO ORDERED.

Dated:   **October 2, 2023**

UNITED STATES MAGISTRATE JUDGE